## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-cv-21546-ALTMAN/Reid

**JASON HUNTER, SR.**,

  *Plaintiff,*

*v.*

**OLIVIA DOLAN**, *et al.*,

  *Defendants.*

_____/

### <u>ORDER</u>

  The Plaintiff has sued Olivia Dolan, Amy Hicks, and Melody Stover—employees at the South Florida Evaluation and Treatment Center—and Annette Lujan, a doctor at the Highlands County Sheriff's Office, alleging what he describes as "Perjury by Libel (Obstructed, Written & Concealed)" (Count I), "Discrimination" (Count II), "Perjury by Libel (False Written Statements)" (Count III), "Perjury by Obstruction (Healthcare Fraud)" (Count IV), "Perjury by Obstruction (Concealed, Healthcare Fraud)" (Count V), "Personal Injury (Discriminatory Neglect, Gross Neglect)" (Count VI), and "Personal Injury (Malpractice, Defame by Libel)" (Count VII) (also labeled as Count VI). *See* Complaint [ECF No. 1-2] at 7.[1] The Plaintiff asks for various forms of injunctive, equitable, and habeas relief. *Id.* at 21. But, because the Complaint is a shotgun pleading, we **STRIKE** it and order the Plaintiff to **REPLEAD** his case properly.

### THE LAW

  To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The

---

[1] The Complaint, attached as an Exhibit to the Notice of Removal, is separately paginated with handwritten numbers. For ease of reference, we've used the numbers from the ECF headers.

Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

(1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics. *See Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.). *First*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up).

"As [the Eleventh Circuit] ha[s] stated on several occasions . . . if, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, *must* intervene sua sponte and order a repleader." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) (emphasis added). "Discharging this duty ensures that the issues get defined at the earliest stages of litigation. The district court should strike the complaint and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Id.* at 1133 n.113 (cleaned up); *see also Magluta v. Samples*, 256 F.3d 1282, 1285 (11th Cir. 2001) (vacating an order of dismissal and instructing the district court to "enter an order striking the complaint and require a repleading of all claims in a complaint that respects the requirements of Rule

8"); *Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("On examining those pleadings, the court, acting *sua sponte,* should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.").

ANALYSIS

The Complaint is a shotgun pleading for at least three reasons.

*First*, the Complaint "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[.]" *Embree*, 779 F. App'x at 662. For example, the Plaintiff discusses an indictment in a separate action before Judge Darrin P. Gayles, which the Plaintiff refers to as "false because I have ATM records, bus records, flight records, [and] witness in Atlanta, GA, Peachtree City, GA, [and] Salt Lake City, Utah[.]" Complaint at 15. But he never explains how Judge Gayles's case is connected to ours. The Complaint also includes several pages of questions, or "initial depositions," directed at the Defendants, including: "Do you think I would lie, malinger, or evade as a wrongfully incarcerated official?" and "Are you aware you are subject to a polygraph b/c this is a civil matter?" *Id.* at 20. Many of these questions are conclusory, vague, and immaterial, and they have no place in a proper complaint.

*Second*, the Plaintiff "fails to separate into a different count each cause of action[.]" *Embree*, 779 F. App'x at 662. For example, the Complaint mentions "healthcare fraud" but does not identify which cause of action the Plaintiff is referring to. *See* Complaint at 17. The Plaintiff also lumps together multiple alleged causes of action, such as "healthcare fraud, omissions, perjury, [and] false reports on me as an incarcerated GA officer[.]" *Ibid.* Because the Plaintiff "does not separate the allegations into separate claims for relief or identify which facts, if any, pertain to each claim for relief, . . . the Complaint fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Hayes v. Qualified Prop. Mgmt. of S. Blvd. Townhouse Condos, Inc.*, 2021 WL

5748289, at *2 (M.D. Fla. Nov. 15, 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

*Third*, the Complaint "asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act." *Embree*, 779 F. App'x at 662. It, for instance, avers that, "[a]fter my discovery of Olivia Dolan, Amy Hicks, Social Worker Keel, Melody Stover, [and] Dr. Robert Allison [sic] healthcare fraud in the Treatment Plan (7/19/22) from 02/26 read to me (7/19/22) omitting false statements [and] diagnosis . . . ." Complaint at 12. The Plaintiff fails to specify "which of the defendants is the target of the particular claim," and, thus, "does not provide the Defendants with adequate notice of the claims brought against them." *Duncan v. NCS Pearson, Inc.*, 2022 WL 4632779, at *3 (S.D. Fla. Sept. 12, 2022) (Reinhart, Mag. J.) *report and recommendation adopted*, *Duncan v. NCS Pearson, Inc.*, 2022 WL 4598717 (S.D. Fla. Sept. 30, 2022) (Cannon, J.).

\*     \*     \*

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro*, 878 F.3d at 1294–95. "They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), 'waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'" *Christie v. Royal Caribbean Cruises, Ltd.*, 497 F. Supp. 3d 1227, 1231 (S.D. Fla. 2020) (Scola, J.) (quoting *Vibe Micro*, 878 F.3d at 1294–95). Still, we'll give the Plaintiff one opportunity to amend his complaint in a way that's consistent with the Federal Rules, Eleventh Circuit law, and this Order.

Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The Complaint [ECF No. 1-2] is **STRICKEN**.

2. The Plaintiff may file an amended complaint by **August 14, 2023**.

3. If the Plaintiff files an amended complaint, then, by **August 14, 2023**, he must *either* pay the filing fee *or* file a motion for leave to proceed *in forma pauperis*.

4.  The Clerk of Court is directed to **CLOSE** this case for administrative purposes pending the Plaintiff's filing of an amended complaint.

**DONE AND ORDERED** in the Southern District of Florida on June 20, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record